UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENAULT FAIR,

                Petitioner,

v.                                   CASE NO. 05-CV-72036-DT

KURT JONES,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

Petitioner Renault Fair, a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court in 2002.  He was sentenced to 10 years and five months to 20 years imprisonment on the robbery conviction and a consecutive term of two years imprisonment on the firearm conviction.

In his pleadings, Petitioner raises claims concerning the constructive deprivation of counsel and the ineffective assistance of counsel.  For the reasons set forth below, the court denies the petition for a writ of habeas corpus.

1

## II.  FACTUAL BACKGROUND

Petitioner's convictions arise from his robbery of another man at gunpoint in

Detroit, Michigan on January 22, 2002.  The Michigan Court of Appeals set forth the

underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith*,

197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. App'x 730 (6th Cir. 2002), as

follows:

> Defendant was charged with the armed robbery of the victim, who lived in
> the neighborhood where defendant owned two homes.  In the early
> morning hours of January 22, 2002, defendant, armed with a gun,
> encountered a female as she was leaving her home.  After she reported
> that she did not have any money in her purse, defendant took her 1993
> burgundy Mercury Cougar.  The victim observed a burgundy Cougar
> driving down his street as he prepared to leave for work. Defendant exited
> the vehicle, pulled a gun on the victim, and took cash from the victim's
> wallet, but threw the wallet back at the victim.  The victim did not report the
> theft until he returned home that evening and saw a sketch of defendant
> on television after the media reported several robberies in the area of the
> victim's home.  The victim identified defendant in a line-up the day after
> the armed robbery.

*People v. Fair*, No. 244283, 2004 WL 1365999, *1 (Mich. Ct. App. June 17, 2004)

(unpublished).

Following conviction and sentencing, Petitioner filed an appeal with the Michigan

Court of Appeals raising several claims of error, including the claims contained in the

present petition.  The Michigan Court of Appeals affirmed his convictions.  *Id.*  Petitioner

filed an application for leave to appeal with the Michigan Supreme Court, which was

denied.  *People v. Fair*, 690 N.W.2d 107 (2004).

Petitioner thereafter filed his federal habeas petition, raising the following claims

as grounds for relief:

> I.      Petitioner was constructively deprived of his Sixth Amendment right
>         to counsel when defense counsel failed to consult with him in the

2

pretrial stage and was deprived of his right to present a defense when counsel failed to investigate an alibi witness.

II.   Petitioner was deprived of the effective assistance of counsel when defense counsel failed to litigate a meritorious Fourth Amendment claim.

Respondent has filed an answer to the habeas petition asserting that the claims should be denied for lack of merit.

### III.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he

3

'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas

petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel

#### 1. Failure to Meet and Investigate

Petitioner first alleges that he is entitled to habeas relief because he was constructively deprived of counsel during the pre-trial stage of his criminal proceedings. Petitioner claims that defense counsel failed to adequately meet and consult with him privately before trial and failed to investigate an alibi witness. In making this claim, Petitioner asserts he is entitled to the "presumed prejudice" standard first discussed by the United States Supreme Court in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), and further detailed in *Strickland v. Washington*, 466 U.S. 668 (1984), and *United States v. Cronic*, 466 U.S. 648 (1984). This presumed prejudice standard is based on the proposition that there are some "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658; *see also Strickland*, 466 U.S. at 692.

The Supreme Court has limited the presumed prejudice standard to three types of ineffective assistance claims: (1) complete denial of counsel; (2) government interference with the right to counsel; and (3) conflicts of interest. *See Smith v. Robbins*, 528 U.S. 259, 287 (2000) (citing *Strickland*, 466 U.S. at 692; *Cronic*, 466 U.S. at 659 & n. 25); *Mitchell v. Mason*, 325 F.3d 732, 742 (6th Cir. 2003). Here, Petitioner does not allege that the government interfered with his right to counsel or that counsel was laboring under a conflict of interest. He contends, rather, that counsel's failure to meet with him and investigate his case amounted to a complete denial of counsel.

5

A complete denial of counsel occurs only when "'counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing.'" *Bell v. Cone*, 535 U.S. 685, 697 (2002) (quoting *Cronic*, 466 U.S. at 659). The distinction is between "bad lawyering" and "no lawyering," *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990); *see also Moss v. Hofbauer*, 286 F.3d 851, 861 (6th Cir. 2002), and the difference is not one of degree, but one of kind, *see Bell*, 535 U.S. at 697. Here, the record belies Petitioner's assertions that counsel did not provide any assistance whatsoever. The record shows that counsel met with Petitioner and appeared at three court hearings before trial, reviewed police reports and other evidentiary material, and spoke with possible witnesses, including purported alibi witnesses. *See* Pet. Brief, p. 4, Trial Tr. pp. 140-41; *cf. Powell v. Alabama*, 287 U.S. 45, 57 (1932) (prejudice presumed where counsel was not appointed until the morning of trial); *Mitchell*, 325 F.3d at 742-44 (petitioner constructively denied counsel when counsel only met with him for a total of six minutes and was suspended from practice for last month of seven-month pre-trial period). Thus, there was not a complete denial of counsel during the pre-trial phase entitling Petitioner to a presumption of prejudice. *See Woodard*, 898 F.2d at 1029. Accordingly, the court shall analyze this claim under the familiar standard for ineffective assistance of counsel claims set forth in *Strickland*.

In *Strickland*, the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense.

6

Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.  *Id.* at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  *Id.*  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals ruled that Petitioner's claims were belied by the record and he had failed to establish that counsel was ineffective for failing to consult with him or investigate alibi witnesses prior to trial.  *See Fair*, 2004 WL 1365999 at *2 & n. 1.  Having reviewed the record, this court concludes that the Michigan Court of Appeals' decision is neither contrary to *Strickland* nor an unreasonable application of federal law or the facts.

First, Petitioner is not entitled to relief under *Strickland* based upon counsel's alleged failure to adequately meet with him before trial.  It appears from Petitioner's

own pleadings that counsel met and communicated with him on three occasions prior to trial. This fact mitigates against a presumption of prejudice. *See United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995). "[T]he mere fact that counsel spent little time with [Petitioner] is not enough under *Strickland*, without evidence of prejudice or other defects." *Bowling v. Parker*, 344 F.3d 487, 506 (6th Cir. 2003). While Petitioner's meetings with counsel may have been conducted in the courthouse and not in private, he has not shown that he was unable to effectively communicate with counsel or that counsel was unable to investigate and prepare for trial. He is thus not entitled to habeas relief on this basis. *See Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (petitioner could not prevail on his claim that attorneys were ineffective due to infrequent pre-trial visits where he failed to show resulting prejudice); *Anderson v. Calderon*, 232 F.3d 1053, 1086 (9th Cir. 2000).

Second, Petitioner is not entitled to relief under *Strickland* based upon counsel's alleged failure to investigate alibi witness Joan Bennett. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See, e.g., O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned and deliberate determination that investigation was not warranted); *Workman v. Tate*, 957 F.2d 1339, 1345-46 (6th Cir. 1992) (reasonable investigation was lacking and hence counsel's performance was deficient). Petitioner's assertion that counsel failed to investigate alibi witnesses, however, is belied by the record. The record shows that counsel interviewed two women who were possible defense witnesses before trial but chose not to present them at trial because he found their statements to be inconsistent and

8

contradictory.  *See* Trial Tr., pp. 140-41.  This decision was clearly a matter of trial

strategy.  Petitioner acknowledged as much at the time of trial.  *Id.*  Petitioner has failed

to show that counsel acted unreasonably or deficiently in this regard.

   Petitioner has also failed to show that he was prejudiced by counsel's conduct.

Defense counsel presented a misidentification defense and challenged the credibility of

the prosecution's witnesses.  Petitioner has not shown that counsel was unaware of

witness Bennett.  Nor has he identified additional evidence or defense theories that

would have been discovered had counsel investigated the case more thoroughly.  He

has also not established that Bennett's testimony, even if presented, would have

altered the outcome at trial.  The victim's eyewitness testimony and identifications of

Petitioner as the perpetrator, as well as the police testimony and circumstantial

evidence linking Petitioner to the crime, provided strong evidence of his guilt.  Habeas

relief is not warranted on this claim.

### 2.  Failure to Raise Fourth Amendment Issue

   Petitioner next asserts that he is entitled to habeas relief because trial counsel

was ineffective for failing to litigate a Fourth Amendment issue.  Ordinarily, habeas

relief is not available for a perceived Fourth Amendment violation when a habeas

petitioner has a full and fair opportunity to litigate the issue in the state courts.  *See*

*Stone v. Powell*, 428 U.S. 465 (1976).  A habeas petitioner, however, may base a claim

of ineffective assistance of counsel on an assertion that trial counsel failed to properly

litigate a Fourth Amendment issue.  *See Kimmelman v. Morrison*, 477 U.S. 365, 375

(1986).  To obtain habeas relief under such circumstances, the petitioner must "prove

that his Fourth Amendment claim is meritorious and that there is a reasonable

probability that the verdict would have been different absent the excludable evidence in

order to demonstrate actual prejudice" under *Strickland*'s second prong.  *Id*.; *see also Joshua v. DeWitt*, 341 F.3d 430, 437-38 (6th Cir. 2003).

Petitioner asserts that defense counsel should have litigated a Fourth Amendment claim because the police lacked probable cause for his arrest and the search of his home.  The Michigan Court of Appeals concluded that Petitioner's claim was belied by the record and he had failed to establish that counsel was ineffective for failing to litigate a Fourth Amendment issue.  *See Fair*, 2004 WL 1365999 at *2 n. 1.

Having reviewed the matter, this court finds that the decision of the Michigan Court of Appeals is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  It is well-established that the Fourth Amendment requires probable cause for an arrest.  *See Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003).  This inquiry turns on whether the facts and circumstances within the officer's knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).  Probable cause "is assessed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and thus probable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of an arrest."  *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001); *see also United States v. Reed*, 220 F.3d 476, 478 (6th Cir. 2000).

The testimony at trial indicated that the police had probable cause to arrest Petitioner and obtain a warrant for the search of his residence.  Police Officer John Burdick testified that he was advised about a series of armed robberies on the morning of January 22, 2002.  Those incidents included an armed robbery and the carjacking of

10

a red Mercury Cougar.  He subsequently spotted and pursued such a vehicle.  When

the suspect jumped from the car and fled on foot, he followed in his car but lost the

suspect who fired shots at him and jumped a fence.  The suspect was described as a

black male wearing a dark jacket with gray on the sleeves, black pants, and a black

hat.  Police Investigator Mark Young recovered a lady's purse and BB gun from the

abandoned car.  He followed the suspect's path to 7310 Minock, about 300 yards from

the car.  He noticed that the blinds were all drawn, which he thought was unusual.  He

knocked on the door and received no response.  He then learned that the home

belonged to Petitioner.  The police had previous contact with Petitioner's girlfriend,

Cynthia Mallory, who also lived in the area.  The police tracked the time from Ms.

Mallory's home to each of the robberies and found the time frame to be consistent with

the reported robberies.  Investigator Young subsequently obtained a search warrant for

7310 Minock where police recovered a face mask, a revolver with five live rounds, a

police scanner, a knife, ammunition, a jersey, an air rifle, three knit caps, and a black

leather jacket.[1]

   Although innocent explanations for some or all of these facts may exist, this

possibility does not render the police determination of probable cause invalid.  *See*

*Reed*, 220 F.3d at 478 (noting that officers are not required to rule out every possible

explanation other than a suspect's illegal conduct before making an arrest); *United*

*States v. Strickland*, 144 F.3d 412, 416 (6th Cir. 1998) (the probable cause

requirement does not require that police officers possess evidence sufficient to

---

[1]Petitioner was arrested for carjacking on January 23, 2002 after the police
requested that he come to the station to discuss matters involving his girlfriend.  Later
that day, a corporeal lineup was conducted during which Alfred John Sullivan identified
Petitioner as the perpetrator of the robbery at issue in this case.

establish guilt beyond a reasonable doubt).  The record indicates that the police had probable cause to arrest Petitioner and obtain a search warrant for his home.

Moreover, the fact that the police used a ruse to get Petitioner to come to the police station to effectuate his arrest does not render the arrest invalid under the Fourth Amendment.  *See e.g. Frazier v. Cupp*, 394 U.S. 731, 739 (1969) (police lie to defendant that co-defendant had confessed did not render defendant's confession involuntary); *United States v. Maldonado*, _ F.3d _, 2006 WL 3598525 (5th Cir. Dec. 12, 2006) (approving of police use of cocaine deal as a ruse to locate and arrest defendant); *United States v. Flynn*, 309 F.3d 736, 738-39 (10th Cir. 2002) (police creation of a ruse to cause defendant to abandon property, which is subsequently seized and used as evidence against him, was not illegal); *Alvarez v. Montgomery Co.*, 963 F. Supp. 495, 498-99 (D. Md. 1997) (officers' use of misrepresentation to draw defendant from home and effectuate a warrantless arrest was proper), *aff'd.* 147 F.3d 354 (4th Cir. 1998); *United States v. Vasiliavitchious*, 919 F. Supp. 1113, 1115-18 (N.D. Ill. 1996).  The police testimony establishes probable cause for Petitioner's arrest and the police obtained a valid search warrant for Petitioner's home.  Petitioner has failed to establish a Fourth Amendment violation.  Defense counsel was therefore not ineffective for failing to assert a meritless claim.  *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).  Habeas relief is not warranted on this claim.

## IV.  CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus [Dkt #1]is DENIED.

 S/Robert H. Cleland                                     
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

12

Dated:  January 22, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 22, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522