UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENAULT FAIR,

        Petitioner,

v.                                  Case No. 05-CV-72036-DT

KURT JONES,

        Respondent.
_____/

**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY
AND GRANTING LEAVE  TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner filed a motion for a certificate of appealability concerning the court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, as well as a motion to proceed on appeal *in forma pauperis*.  Before Petitioner may appeal the court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  The court will, for the reasons stated below, deny a certificate of appealability and grant the motion to appeal *in forma pauperis*.

## I.  DISCUSSION

### A.  Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

Having reviewed the matter, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his ineffective assistance of counsel claims.  He has failed to allege facts which demonstrate that trial counsel was deficient and/or that he was prejudiced by counsel's conduct under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As to the failure to investigate claim, the record shows that counsel met with Petitioner and appeared at three court hearings before trial, reviewed police reports and other evidentiary material, and spoke with possible witnesses, including purported alibi witnesses.  Additionally, Petitioner has not shown that he was prejudiced by counsel's actions.  Counsel presented a misidentification defense and challenged the credibility of

2

the prosecution's witnesses.  Petitioner has not shown that counsel was unaware of any witnesses; nor has he identified additional evidence or defense theories that counsel could have discovered which would have altered the outcome at trial.

With regard to the failure to raise a Fourth Amendment claim, the police officers' testimony at trial established that the police had probable cause to arrest Petitioner and obtain a warrant for the search of his residence.  Counsel cannot be deemed ineffective for failing to raise a meritless issue.  *See e.g. Harris v. United States*, 204 F.3d 681 (6th Cir. 2000).  Moreover, the fact that the police used a ruse to effectuate Petitioner's arrest did not render the arrest invalid under the Fourth Amendment.  *See, e.g., Frazier v. Cupp*, 394 U.S. 731, 739 (1969).  Petitioner has thus failed to make a substantial showing of the denial of a constitutional right as to his claims.  Accordingly, the court will deny Petitioner's motion for a certificate of appealability.

### B.  Leave to Proceed on Appeal *In Forma Pauperis*

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability.  *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith.  *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  *Foster,* 208 F. Supp. 2d at 765.  Although the court declines to issue a certificate of appealability,

the court cannot conclude that Petitioner's claims are frivolous.  Accordingly, the court

will grant Petitioner's motion for leave to proceed on appeal *in forma pauperis*.

## II. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt #

20] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Proceed In Forma

Pauperis on Appeal" [Dkt # 21] is GRANTED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 20, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522